FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 12 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARRYL L. BROWN,

        Plaintiff,

vs.

RJM ACQUISITIONS FUNDING, LLC,

        Defendant.

No. 2:11-cv-03279-JFB-ARL

**REPLY**

    Plaintiff Darryl L. Brown, by and through Pro Se representation, for its Reply to the Answer to the Complaint.

    1.    Plaintiff admits he initiated this action pursuant to the Fair Debt Collections Practices Act ("FDCPA") and the New York General Business Law § 349.

    2.    Plaintiff admits that he is a resident of the State of Maryland since September 22, 2002. Plaintiff's street address is: Federal Correctional Institution 14601 Burbridge Road, S.E. Cumberland, MD 21502. See **Exhibit #1**.

    3.    This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is required, the Act focuses on regulating interactions between "debt collectors" and "consumers." A natural person obligated or allegedly obligated to pay any debt clearly fits the definition of "consumer," 16 U.S.C.S. § 1692(a)(3). The Defendant wrote numerous letters over the years trying to settle a debt, alleging that Plaintiff owe this debt and as a result of this the Plaintiff fit the requirements of a consumer, under § 1692(a)(3).

    4.    Admitted.

RECEIVED
SEP 14 2011
EDNY PRO SE OFFICE

(1)

5. The Parties agreed that the Defendant is a "debt collector." Under 15 U.S.C.S. § 1692a(6).

6. This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is require, Jurisdiction of this Court is invoked pursuant to 28 U.S.C.S. § 1331, as arising under federal law.

7. Admits.

8. Admitted.

9. Admitted.

10. Admitted.

11. This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is reqire, the term "debt" as defined under the FDCPA refers to "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C.S. § 1692a(5)(emphasis added).

12. Admitted.

13. Plaintiff has notified the Defendant in writing that the debt, or any portion of the debt, is disputed as required by 15 U.S.C.S. § 1692g(a)(3). Plaintiff is not obligated to make sure that the Defendant has received his cease and desist letter because the Statute does not required such an action from a debtor to send cease and desist letter by way of registered or certified mail.

14. Admitted.

15. This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is require, the Defendant resumed its debt collection before it responded to the Plaintiff's

cease and desist letter in violation of 15 U.S.C.S. § 1692c(c).

16. Admitted.

17. Plaintiff has notified the Defendant in writing that the debt, or any portion of the debt, is disputed as required by 15 U.S.C.S. § 1692g(a)(3). Plaintiff is not obligated to make sure that the Defendant has received his cease and desist letter because the Statute does not required such an action from a debtor to send cease and desist letter by way of registered or certified mail.

18. This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is require, the Defendant resumed its debt collection before it responded to the Plaintiff's cease and desist letter in violation of 15 U.S.C.S. § 1692c(c).

19. Admitted.

20. Plaintiff has notified the Defendant in writing that the debt, or any portion of the debt, is disputed as required by 15 U.S.C.S. § 1692g(a)(3). Plaintiff is not obligated to make sure that the Defendant has received his cease and desist letter because the Statute does not required such an action from a debtor to send cease and desist letter by way of registered or certified mail.

21. 15 U.S.C.S. § 1692g(b) requires a debt collector to cease collection of the debt if the consumer notifies the debt collector that the debt is disputed or requests information about the original creditor until the debt collector provides verification of the debt or the requested information.

22. This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is require, the Defendant resumed its debt collection before it responded to the Plaintiff's cease and desist letter in violation of 15 U.S.C.S. § 1692c(c).

23. Admitted.

24. Plaintiff has notified the Defendant in writing that the debt, or any portion of the debt, is disputed as required by 15 U.S.C.S. § 1692g(a)(3). Plaintiff is not obligated to make sure that the Defendant has received his cease and desist letter because the Statute does not required such an action from a debtor to send cease and desist letter by way of registered or certified mail.

25. Plaintiff is not obligated to make sure that the Defendant has received his cease and desist letter because the Statute does not required such an action from a debtor to send cease and desist letter by way of registered or certified mail.

26. This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is require, the Defendant resumed its debt collection before it responded to the Plaintiff's cease and desist letter in violation of 15 U.S.C.S. § 1692c(c).

27. Admitted.

28. Admits.

29. This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is require, the Defendant resumed its debt collection before it responded to the Plaintiff's cease and desist letter in violation of 15 U.S.C.S. § 1692c(c).

30. Admits.

31. This statement is a conclusion of law to which no reply is necessary.

32. This statement is a conclusion of law to which no reply is necessary.

33. This statement is a conclusion of law to which no reply is necessary.

34. Debt validation provisions were included by Congress to guarantee that consumers would receive adequate notice of their rights under law.

35. This statement is a conclusion of law to which no reply is necessary. To the extent that a reply is require, the Defendant resumed its debt collection before it responded to the Plaintiff's cease and desist letters in violation of 15 U.S.C.S. § 1692c(c).

36. The front of the Defendant's letter contained language that was confusing as to when period for disputing debt commenced, front of letter stated that there was important information on back of letter and where nothing on the back of letter made any mention of any validation notice as required by 15 U.S.C.S. § 1692g(a).

37. Whether or not collection letter is false, deceptive, or misleading (in violation of 15 U.S.C.S. § 1692e) or unfair or unconscionable (in violation of 15 U.S.C.S. § 1692f) are inquiries similar to whether letter is confusing in violation of 15 U.S.C.S. § 1692g; inquiry requires fact-bound determination of how unsophisticated consumer would perceive letter.

38. Plaintiff disputed all previous letters and Defendant resumed his attempt to collect a debt stemming from a 1986 Discover Credit Card Account which Plaintiff disputed as fraudulent. The Defendant was required to provide notice of Plaintiff's rights to dispute his new attempt in collecting a debt as required by law.

39. This statement is a conclusion of law to which no reply is necessary.

40. This statement is a conclusion of law to which no reply is necessary.

41. This statement is a conclusion of law to which no reply is necessary.

42. Defendant conceded to the fact that their was no validation notice listed in the February 17, 2011, letter, required information for disputing debt.

43. This statement is a conclusion of law to which no reply is necessary.

44. This statement is a conclusion of law to which no reply is necessary.

45. Defendant failed to do any investigation on its purchase of the 1986 debt before contacting the Plaintiff to collect on the debt.

46. This statement is a conclusion of law to which no reply is necessary.

47. This statement is a conclusion of law to which no reply is necessary.

48. This statement is a conclusion of law to which no reply is necessary.

49. This statement is a conclusion of law to which no reply is necessary.

50. This statement is a conclusion of law to which no reply is necessary.

51. This statement is a conclusion of law to which no reply is necessary.

52.   Defendant harassed Plaintiff over the years causing mental anguish and emotional distress.

53.   This statement is a conclusion of law to which no reply is necessary.

54.   This statement is a conclusion of law to which no reply is necessary.

55.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

56.   This statement is a conclusion of law to which no reply is necessary.

57.   This statement is a conclusion of law to which no reply is necessary.

58.   Plaintiff repeats, reiterates and incorporates the reply to the answer to the complaint in paragraphs number "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59.   This statement is a conclusion of law to which no reply is necessary.

60.   This statement is a conclusion of law to which no reply is necessary.

Defendant's first affirmative defense should be denied for the following reasons. This action arises out of six attempts by Defendant to collect an outstanding debt of $3,109.55 owed to Defendant by allegedly Plaintiff.

As a preliminary matter, the Plaintiff finds that Defendant's assertion that the claims is time-barred under the FDCPA is without merit. Section 1692k(d) provides that actions to enforce liability under the FDCPA must be commenced within one year from the date on which the violation occurs. The complaint alleges that Plaintiff received dunning letters from Defendant dated November 14, 2006, May 21, 2007, January 14, 2008, April 14, 2008, August 18, 2008, and February 17, 2011. Plaintiff's complaint was filed on June 6, 2011, and modified on July 8, 2011, more than five years after the mailing of Defendant's first letter, but less than one year after the last letter dated February 17, 2011, and as a result of this the case is not time-barred, and furthermore, the dunning letters were disputed as required to do so by law.

Defendant's second affirmative defense should be denied for the following reasons. This fact is true, that Defendant continued to make numerous attempts to collect on a debt that Plaintiff clearly disputed throughout the years which allowed this matter to continued into 2011. Even if, this court finds that Plaintiff's claims are time-barred, this court may assert jurisdiction over Plaintiff's claims in this case based on the non-time-barred letter.

Defendant's third affirmative defense should be denied for the following reasons. Plaintiff's claims are not barred pertaining to the dunning letter dated February 17, 2011, because Plaintiff filed his complaint within the one year statute of limitations as required to do so by law. Defendant failed to cease and desist, the conduct was intentional to violate the rights of the Plaintiff's.

**WHEREFORE,** Plaintiff respectfully requests this Court to dismiss Defendant's Affirmative Defenses as moot. The Defendant's assertion that the claim is time-barred under FDCPA is without merit.

DATED: 9/6/11                                          Respectfully submitted,

                                                       /s/ Darryl L. Brown
                                                       Darryl L. Brown

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true correct copy of the Plaintiff's Reply along with Exhibit #1 was served upon the following first class United States Mail on this 6th day of September, 2011.

Jonathan D. Elliot, Esq.
Zeldes, Needle $ Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604


                                                       /s/ Darryl L. Brown
                                                       Darryl L. Brown, Pro Se Litigant
                                                       Federal Registered No.: 46446-066
                                                       Federal Correctional Institution
                                                       P.O. Box 1000
                                                       Cumberland, MD 21501

**EXHIBIT #1**



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*Federal Correctional Institution*
*14601 Burbridge Road, S.E.*
*Cumberland, Maryland 21502*

Date:      March 16, 2004

Reply To   *Denise A. Biggs*
Attn Of:   Denise A. Biggs
           Legal Instruments Examiner
           (301) 784-1000 ext. 1085

Subject:   BROWN, Darryl 46446-066

To:        Whom It May Concern

Please be advised that our records indicate that the above-referenced subject was in federal custody on federal writ from 4/18/01 to the present time.



| Search Criteria: | First Name: | DARRYL | Last Name: | BROWN |

### Inmate Information for DARRYL BROWN

| | |
|---|---|
| Inmate Register Number : | 46446-066 |
| Name : | DARRYL BROWN |
| Age : | 38 |
| Race : | BLACK |
| Sex : | MALE |
| Projected Release Date : | 5/24/2014 |
| Location : | CUMBERLAND FCI |
| | 14601 BURBRIDGE RD SE |
| | CUMBERLAND , MD 21502 |
| Phone Number : | (301)784-1000 |

**Americans with Disabilities Act (ADA)Text Links:**
Identification Number Search | First and Last Name Search
Frequently Asked Questions | Privacy Notice





⇦46446-066⇦
Darryl Lee Brown
Federal Correctional Inst
P.O. box 1000
Cumberland, MD - 21501
United States



⇦46446-066⇦
C Vukovich
Pro Se Paralegal
100 Federal PLZ
Central Islip, NY 11722-9014
United States

RECEIVED
US DISTRICT COURT
PRO SE OFFICE
LONG ISLAND OFFICE
SEP 12 2011
ENTERED

